

**WWW.MKCLAWGROUP.COM**
**LAW OFFICES OF MICHAEL K. CHONG, LLC**

| NEW YORK: | FORT LEE: | HOBOKEN: |
|---|---|---|
| 1250 BROADWAY, 36TH FL. STE. 300 | 2 EXECUTIVE DRIVE, STE. 720 | 300 HUDSON STREET. STE. 10 |
| NEW YORK, NEW YORK 10001 | FORT LEE, NEW JERSEY 07024 | HOBOKEN, NEW JERSEY 07024 |
| (212) 726-1104 | (201) 947-5200 | (201) 708-6675 |
| FAX (212) 726-3104 | FAX (201) 708-6676 | FAX (201) 708-6676 |

*Please Reply to: FORT LEE*

EMAIL: MKC@MKCLAWGROUP.COM

May 21, 2018

<u>Via ECF</u>
Hon. James Ornstein, U.S.M.J.
U.S. District Court - EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

   Re:  Peralto et al v. Regent Catering, Inc. et al.
      Docket No: 1:17-cv-6993

Dear Judge Orenstein:

   This office represents defendants REGENT CATERING, INC. d/b/a ACADEMY CAFE, TOMMY KOLITSOPOULOS, and FRANCESCA KOLITSOPOULOS a/k/a FRANCESCA MULONE (collectively hereinafter referred to as "Defendants") in the above referenced matter. This letter is submitted in opposition to Plaintiffs' Motion to Compel Defendants to produce personnel records for putative collective action members and for attorneys' fees. For the following reasons, Plaintiffs' Motion should be denied in its entirety.

   Defendants previously provided an Employee List with the names, addresses and dates of employment of putative collective action members. Plaintiffs then moved to Compel Defendants to provide cell phone numbers and e mail addresses for the putative collective action members. (DE 25). In response, Defendants filed a letter in opposition (DE 26), and the Declaration of Defendant Tommy Kolitsopoulos with an amended Employee List (DE 27).  As set forth in Defendant's Declaration, it has never been Defendants' practice to maintain cell phone numbers or e mail addresses for employees; the only contact information for employees maintained is the employee's address. Further, Defendant was able to obtain and provide cell phone numbers for more than 75% of the putative collection action members by: 1) reviewing old text messages for any text messages ever received from putative collective action members; and 2) asking current employees for cell phone numbers. An amended Employee List with the cell phone numbers Defendant was able to obtain was provided. (DE 27).   Defendants never communicated with employees by e mail, and never maintained employees' e mail addresses. (DE 27).

Thus, the issue on Plaintiffs' Second Motion to Compel is whether Defendants possess any records of employees with cell phone numbers for the less than 25% of the putative class members Defendant was unable to obtain by reviewing all text messages and asking current employees for cell phone numbers.

Pursuant to Your Honor's Scheduling Order entered on April 26, 2018, Defendants attended the status conference on May 8, 2018 to answer questions about their record keeping practices. At the conference, it was explained that Defendants do not maintain "formal" personnel files with contact information for employees. Defendants do maintain time and pay records for employees, and a copy of the employee's photo identification if the employee is able to provide photo identification. After Defendants' explanation, Your Honor stated that if Defendants had any other records with contact information for putative collective action members, Defendants were to produce the records. Your Honor ordered that Defendants were to produce all personnel files to the Plaintiff "to ensure the disclosure of all available contact information" (Minute Entry dated May 8, 2018).

As stated at the May 8, 2018 conference, and reiterated in my e mails to Plaintiffs' counsel (DE 32, Exhibit 1), Defendants do not have personnel files for employees, nor any other records that would provide *additional* contact information beyond that already provided, i.e., mailing addresses provided for *all* putative collective action members, and cell phone numbers for over 75% of the putative collective action members.

Plaintiffs blatantly misstate "Then, in a complete reversal, Defendants admitted that they did possess phone numbers for the putative collective members and provided numbers for over 75% of them." (DE 32). Defendants have never admitted that they do possess phone numbers for putative collective members. Defendants were able to *obtain* cell phone members for over 75 % of the putative collective members by: 1) reviewing old text messages and 2) asking current employees for cell phone numbers. (DE 27). There has not been any "reversal" by Defendants; in response to Plaintiffs' First Motion to Compel, Defendants endeavored to *obtain* cell phone numbers for as many putative collective members as possible, and successfully obtained and produced cell phone numbers for over 75% of the putative collective members.

Plaintiffs also misleadingly state that "Defendants have argued that they maintained records for all employees and have already produced a multitude of documents for Plaintiffs Peralta, Melchor, and Pascual." The records Defendants maintain and have already produced for the three Plaintiffs are: 1) Employee Time Sheets; 2) Pay Stubs; 3) Wage Notifications; and 4) W-2s. The only contact information contained in these records are the mailing addresses of employees; Defendants have already provided mailing addresses for all putative collective members. Production for the putative collective members of the wage and hour records previously produced for the three Plaintiffs will not provide any *additional* contact information so as to "ensure the disclosure of all available contact information." (Minute Entry dated May 8, 2018). Defendants respectfully submit the Minute Entry Order of May 8, 2018 does not require the production of Time Sheets, Pay Stubs, Wage Notifications and W-2s for the putative collective members where those records do not contain *additional contact information* that would ensure the disclosure of all available contact information.

For these reasons, Defendants respectfully request that the Plaintiffs' Second Motion to Compel be denied. Moreover, the request for attorneys' fees should be denied where Plaintiffs'

counsel, in bad faith, has moved to compel disclosure of information Defendant has already sworn under oath in a Declaration that Defendants do not possess.  Plaintiffs' counsel misrepresented that Defendants "admitted" having cell phone numbers for putative collective members, despite Defendants Declaration explaining the efforts to *obtain* cell phone numbers.  Similarly, Plaintiffs' counsel misleadingly suggests that the records previously produced for the three Plaintiffs are probative of ensuring the disclosure of *additional contact information.*  Plaintiffs' counsel knows or should know those records previously produced for the three Plaintiffs contain only mailing addresses for employees and do not contain cell phone numbers for employees.

For all of these reasons, Defendants respectfully request that Plaintiffs' Second Motion to Compel be denied in its entirety.

Respectfully Submitted,

*Michael K. Chong*

Michael K. Chong, Esq.

cc:     Louis Leon, Esq. (via ECF)