UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
                                                                                         :

JOSE LUIS PERALTA, on behalf of himself and all    :
others similarly situated,                                                  :
                                                                                 :       **SUMMARY ORDER**
                               Plaintiffs,                       :       17-cv-6993 (DLI) (JO)
                                                                                  :
                    -against-                        :
                                                                                    :
REGENT CATERING, INC. d/b/a ACADEMY CAFÉ   :
and TOMMY KOLITSOPOULOS,                                  :
                                                                                   :
                                      Defendants.          :
------------------------------------------------------------------- x

**DORA L. IRIZARRY, Chief United States District Judge:**

On November 30, 2017 Jose Luis Peralta ("Peralta") filed a complaint ("Complaint") on behalf of himself and all others similarly situated ("Plaintiffs")[1] against Regent Catering, Inc. (d/b/a Academy Café), Tommy Kolitsopoulos, owner and operator of Academy Café, and his wife Francesca Kolitsopoulos ("Defendants"), seeking damages and equitable relief based on Defendants' alleged failure to pay Plaintiffs minimum wage and overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the New York Labor Law ("NYLL"), Article 19, §§ 650 *et seq.*, and provisions of the N.Y. Comp. Codes R. & Regs ("NYCCRR").

Presently before the Court is Defendants' motion for sanctions against Plaintiffs pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927, relating to the inclusion of Francesca Kolitsopoulos as a defendant in this case. *See*, Dkt. Entry No. 109. Plaintiffs filed an opposition to the motion for sanctions (*See*, Memorandum of Law in Opposition to Defendants' Motion for

---

[1] Two individuals have entered the case as opt-in Plaintiffs: Pascual Melchor on February 28, 2018 (Dkt. Entry No. 17); and Felipe Cabrera on March 1, 2018 (Dkt. Entry No. 18).

Sanctions ("Opp."), Dkt. Entry No. 112), and, following a substitution of counsel for the Defendants, Defendants declined to file a reply. *See*, Dkt. Entry No. 120. For the reasons set forth below, Defendants' motion for sanctions is denied.

## BACKGROUND

Pre-trial practice in this case has been particularly acrimonious, and the status of Francesca Kolitsopoulos as a defendant is no exception to this dynamic.[2] Plaintiffs' counsel included Mrs. Kolitsopoulos as a defendant after Peralta informed him at their initial consultation that Francesca was a supervisor at, and co-owner of, Academy Café. Opp. at 1. Peralta stated during his deposition that, while he did not frequently see Mrs. Kolitsopoulos at Academy Café, he believed he would be fired if he refused to follow her directives. *See*, Transcript, Excerpt from Deposition of Jose Luis Peralta, Dkt. Entry No. 112-2, at 60–61. On January 6, 2018, Defendants filed an answer on behalf of all Defendants, including Mrs. Kolitsopoulos, and declined a subsequent opportunity to move to dismiss her from the case. *See*, Dkt. Entry No. 12.

On February 21, 2018, during an initial conference before the magistrate judge Defendants' counsel objected to Mrs. Kolitsopoulos' inclusion in this action because she "had nothing to do with the business." *See*, Transcript of Initial Conference, Dkt. Entry No. 112-4, at 6. On May 2, 2018, as discovery was proceeding, Plaintiffs' counsel contacted Defendants' counsel with an offer to dismiss the claims against Mrs. Kolitsopoulos if she and Mr. Kolitsopoulos signed declarations stating that Mrs. Kolitsopoulos was not involved in the Academy Café business. *See*, Email to Michael Chong, Dkt. Entry No. 112-5. Defendants' counsel declined the offer, countering with a demand for $4,251 in attorney's fees relating to his representation of Mrs. Kolitsopoulos in

---

[2] Appeals from decisions from the magistrate judge on discovery issues are *sub judice* and will be decided in due course.

exchange for agreeing to the stipulation of dismissal.  Plaintiffs rejected this proposal.  *See*, Email Exchange at Dkt. Entry No. 112-6.

Later, after Defendants themselves were subject to sanctions in the form of attorney's fees for failing to comply with a discovery order issued by the magistrate judge, counsel for Defendants informed Plaintiffs that he intended to seek sanctions against them for including Mrs. Kolitsopoulos in the action.  However, he would decline to do so if Plaintiffs agreed to waive the attorney's fees that Defendants were required to pay as a result of their discovery order violations. *See*, Email Exchange at Dkt. Entry No. 112-12.  It also was revealed during the depositions of Mr. and Mrs. Kolitsopoulos that counsel for Defendants had not informed them of Plaintiffs' proposed stipulations of dismissal as to Mrs. Kolitsopoulos.  *See*, Transcript, Excerpt of Deposition of Francesca Kolitsopoulos, Dkt. Entry No. 112-16; Transcript, Excerpt of Deposition of Tommy Kolitsopoulos, Dkt. Entry No. 112-17.

Haggling over the matter continued for several months, and the two sides finally came to an agreement on November 27, 2018.  Mrs. Kolitsopoulos was dismissed from the action with prejudice by stipulation among the parties on December 4, 2018.  Defendants filed their motion for sanctions under Fed. R. Civ. P. 11 and 28 U.S.C. § 1927 on December 10, 2018.

## **LEGAL STANDARD**

"Under Rule 11, attorneys filing complaints are representing that, after reasonable inquiry, they believe that 'the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.'" *First Cent. Sav. Bank v. Meridian Residential Capital*, 2011 WL 1240100, at *1 (E.D.N.Y. Mar. 30, 2011) (quoting Fed. R. Civ. P. 11(b)(3)).  Sanctions under Rule 11 generally are proper only where a claim is completely lacking in merit or brought in bad

3

faith. *See*, *Rojas v. Forster & Garbus LLP*, 2014 WL 3810124, at *7 (E.D.N.Y. July 31, 2014). Under 28 U.S.C. § 1927, sanctions are only appropriate where there is "clear evidence that (1) the offending party's claims were entirely without color and (2) the claims were brought in bad faith- that is, motivated by improper purposes such as harassment or delay." *Pacific Elec. Wire & Cable Co. v. Set Top Int'l Inc.*, 2005 WL 2036033, at *5 (S.D.N.Y. Aug. 23, 2005) (quoting *Eisemann v. Greene,* 204 F.3d 393, 396 (2d Cir. 2000)).

## **DISCUSSION**

Plaintiffs' conduct is not properly sanctionable under either Rule 11 or 28 U.S.C. § 1927. Given the capacious definition of the term "employer" in the statutes at issue in this case and the statements from Peralta to his attorneys, Plaintiffs' counsel had a good faith basis for including Mrs. Kolitsopoulos in the Complaint. Early in the discovery process, Plaintiffs were prepared to enter into a stipulation of dismissal as to Mrs. Kolitsopoulos. Instead of agreeing to such a stipulation, counsel for Defendants chose to engage in a series of ultimately fruitless maneuvers, including an attempt to avoid complying with a magistrate judge's order, before eventually agreeing to a nearly identical proposal six months later. Under these circumstances, Plaintiffs and Plaintiffs' counsel are not subject to sanctions under either Rule 11 or 28 U.S.C. § 1927.

## **CONCLUSION**

Defendants have not shown that Plaintiffs' decision to include Francesca Kolitsopoulos as a defendant in the Complaint was made without basis or undertaken in bad faith. Therefore, Defendants' motion for sanctions is denied.

SO ORDERED.

Dated: Brooklyn, New York
September 30, 2019

/s/
DORA L. IRIZARRY
Chief Judge